**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV11-01951 JAK (DTBx) | Date | March 7, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust v. Jose I. Garcia | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO RIVERSIDE (Dkt. 10)  JS-6

On September 23, 2011, Plaintiff Deutsche Bank National Trust ("Plaintiff") filed a post-foreclosure unlawful detainer action against Defendant Jose I. Garcia ("Defendant"). On December 15, 2011, Defendant removed the action to this Court.

On December 30, 2011, Plaintiff filed a motion to remand the present Unlawful Detainer action to the Superior Court of California, County of Riverside (the "Motion"). Dkt. 10. The Motion is currently set for a hearing on March 12, 2012. Movant's counsel has waived oral argument and the Court finds that this matter is appropriate for determination without argument pursuant to Local Rule 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules."). For this reason, the Court takes the March 12, 2012 hearing off calendar and issues this written ruling with respect to the Motion.

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendant filed an opposition to the Motion on February 17, 2012, Dkt. 13, repeating the arguments contained in his Notice of Removal, Dkt. 2. Notwithstanding these arguments, the Court finds that remand is required because this Court lacks subject matter jurisdiction. The Unlawful Detainer Complaint (Dkt. 10, Exh. 1) does not contain a cause of action that raises a federal question, does not show a complete diversity of citizenship between the parties and does not show that the amount in controversy exceeds $75,000.

No more persuasive is Defendant's argument that jurisdiction is proper pursuant to 28 U.S.C. § 1443(1). That statute creates the right to remove a civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof…." 28 U.S.C. § 1443(1). However, § 1443 is interpreted restrictively. A party petitioning for removal under § 1443 must meet a two-part test:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV11-01951 JAK (DTBx) | Date | March 7, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust v. Jose I. Garcia | | |

> petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Here, Defendant has not identified a state or constitutional provision that directs state courts to ignore his civil rights. Additionally, the right that Defendant asserts does not spring from specific statutory grants, but from the broad protection of the Fourteenth Amendment. "Such rights are not within the coverage of section 1443." *Sandoval*, 434 F.2d at 636.

Defendant also asserts that "the action is removable to this court pursuant to 28 U.S.C., section 1441(a) and 1446." Notice of Removal, p. 3, Dkt. 2. However, 28 U.S.C. § 1441(a) provides only for the removal of actions over which "the district courts of the United States have original jurisdiction…." Here, as discussed above, the unlawful detainer action is not one over which this Court has original jurisdiction. Further, because 28 U.S.C. § 1446 describes the procedural requirements for effecting removal, it is irrelevant to the underlying question whether this Court has subject matter jurisdiction. Moreover, Defendant's notice of removal does not comply with § 1446 because it was not filed: (i) within 30 days "after receipt by or service on that defendant of the initial pleading or summons," 28 U.S.C. § 1446(b)(2)(B); and (ii) "with a copy of all process, pleadings, and orders served upon such defendant," 28 U.S.C. § 1446(a*), i.e.,* with the original complaint. *See* Dkt. 2.

Finally, Defendant's attempt to create federal question jurisdiction through the pleading of affirmative defenses is equally unavailing because "the existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993) (internal quotations and alterations omitted).

For the foregoing reasons, Defendant has not met his burden; thus, the Motion to Remand is GRANTED. This matter is remanded to the Superior Court of California, County of Riverside, Murrieta Courthouse, Case No. TEC 1108778.

Plaintiff's counsel shall provide telephonic notice of this Order and inform Defendant that he is not required to appear on March 12, 2012.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |